# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2011

No. 10-30593
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES JOSEPH, also known as Lil James, also known as Trump,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-64-7

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

On the fourth day of a jury trial, James Joseph pleaded guilty to conspiracy to possess and distribute cocaine and cocaine base. He was sentenced to 220 months in prison. He appeals; we affirm.

Joseph first contends that the district court committed a clear error by increasing his offense level due to his aggravating role as a leader, manager, supervisor, or organizer of the conspiracy. The unrebutted presentence report, as well as evidence adduced at trial, indicated that Joseph directed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30593

transportation activities of at least one other person and that he otherwise "exercised management responsibility over the property, assets, or activities of a criminal organization." U.S.S.G. § 3B1.1, comment. (n.2) (Nov. 2009). Because the district court's finding was plausible in light of the record, the aggravating-role adjustment was not clearly erroneous. *See United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998); *United States v. Parker*, 133 F.3d 322, 330 (5th Cir. 1998).

In his second claim, Joseph argues that the district court violated his Fifth and Sixth Amendment rights by basing his sentence on facts that were neither admitted nor proved to a jury beyond a reasonable doubt. Because Joseph was sentenced under the advisory guidelines scheme mandated by *United States v. Booker*, 543 U.S. 220 (2005), the district court was "entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range." *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009). Consequently, Joseph's argument is foreclosed.

The district court's judgment is AFFIRMED.